**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | MAG. NO. 20-140 (DAR) |
| : | |
| MOHAMMAD SHAKHZAD, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(E) and 18 U.S.C. § 3142 (f)(2)(A) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pretrial detention.

## I. Procedural History

The defendant is charged by criminal complaint with one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1). At today's initial appearance, the government intends to orally move for detention pending trial pursuant to the above-referenced provisions of the federal bail statute, and any additional provisions that may apply upon review of the Pretrial Services Agency report. Upon agreement with the defense and in light of the current national public health emergency related to COVID-19, the government intends to immediately proceed to the detention hearing.

## II. Legal Authority and Argument

As a preliminary matter, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted. Id.; United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986); United States v. Williams, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device and cross-examination should be limited to the disputed issues, since the detention hearing is not to be turned into a mini-trial and is not to be used as a subterfuge to obtain discovery. Smith, 79 F.3d at 1210, see also Williams, 798 F. Supp. at 36.

There are four factors under Section 3142(g) that the Court should analyze in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. See 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case require the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. See 18 U.S.C. § 3142(e)(1).

### A. Nature and Circumstances of the Offenses Charged

On Tuesday, July 21, 2020, Officer J. K. Johnson of the Metropolitan Police Department (MPD) Sixth District was flagged down by a citizen in the unit block of Division Avenue Northeast in Washington, D.C. concerning an individual asleep at the wheel of a Volkswagen Jetta, bearing

2

Maryland registration of 1EC8569. The vehicle was stopped in front of 4 Division Avenue Northeast, halfway in the lane of travel and halfway in the parking lane. Officer J. K. Johnson approached the driver side window and observed an individual, later identified as the defendant Mohammad Shakhzad, asleep in the driver's seat. The vehicle was running and the keys were in the ignition. The defendant was the sole occupant of the vehicle.

Officer J. K. Johnson tapped on the driver's side window to wake up the defendant. When the defendant woke up, Officer J. K. Johnson asked for the defendant's driver's license and registration. The defendant stated that he did not have it to give to the officer. Officer J. K. Johnson asked the defendant to step out of the vehicle and the defendant complied. Officer J. K. Johnson observed a firearm in plain view on the driver's seat, directly under where the right leg of the defendant would have been when he was seated in the vehicle. Officer C. Johnson arrived on the scene and also viewed the firearm on the driver's seat. The defendant was placed under arrest. While being placed under arrest, the defendant admitted to using cocaine.

After the arrest, officers observed a syringe on the driver's side floorboard of the vehicle driven by the defendant. A Washington Area Law Enforcement System (WALES) National Crime Information Center (NCIC) check of the vehicle registration revealed that the vehicle was registered to the defendant. Additionally, the defendant was identified by a Virginia Driver's License that was found on his person in a search incident to his arrest, despite telling officers that he didn't have one.

The firearm that was recovered from the driver's seat where the defendant was seated was determined to be a black Glock 19, .9 millimeter semiautomatic handgun with a serial number of

TCE165.  When it was recovered, it was loaded with one (1) round in the chamber and fifteen (15) rounds in an unknown capacity magazine.

### B. Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is very strong.  The defendant was discovered by law enforcement asleep behind the wheel of a running vehicle, halfway in the lane of travel and halfway in the parking lane. The vehicle was registered to the defendant and he was the sole occupant. The defendant refused to provide his driver's license to law enforcement and was stepped out of the vehicle. After the defendant got out of the vehicle, a loaded firearm was observed in plain view on the driver's seat, directly under where the defendant was seated. The firearm was loaded with one (1) round in the chamber and fifteen (15) rounds in the magazine. The defendant's interaction with law enforcement, and the recovery of the firearm were captured on body worn camera footage.

### C. The Defendant's History and Characteristics

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. The defendant has the following prior convictions:

- Possession of a Controlled Dangerous Substance, Felony Possession of a Controlled Dangerous Substance (Virginia, 2015)
- Identity Theft: Obtain ID to Avoid Arrest (Virginia, 2012)
- Drugs: Possess Schedule I or II (Virginia, 2012)
- Drugs: Possess Schedule I or II (Virginia, 2012)
- Bail Reform Act Violation – Misdemeanor (Washington, D.C., 2012)
- Possession of a Controlled Dangerous Substance (Maryland, 2009)

- Assault: On Family Member (Virginia, 2008)
- Drugs: Possess Schedule I or II (Virginia, 2007)
- Drugs: Possess Schedule III (Virginia, 2007)
- Attempted Possession of a Controlled Substance – Misdemeanor

The government submits that the defendant should not be released.

### D. Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The current charge is not the defendant's first felony offense, as noted in his criminal history. The defendant's prior convictions covers a myriad of offenses which the government finds concerning. Additionally, based on the Pretrial Services Agency report, the defendant has three pending matters in Alexandria, Virginia, with charges of Failure to Appear, Reckless Driving and Driving Under Revocation. The defendant is the subject of a non-extraditable warrant in those matters, which has been pending since August 14, 2018, a period of almost two (2) years. In light of this, as well as the defendant's bench warrant history and his failure to appear risk assessment of high, the government views the defendant as a serious risk of flight. Moreover, the defendant has two active civil protection orders in separate cases, which explicitly state that the defendant is prohibited from possessing a firearm.

In this case, the defendant was discovered by law enforcement out in the community, asleep in a vehicle, which was partially in the travel lane. A loaded firearm was discovered underneath the defendant when he was stepped out of the vehicle. The firearm that the defendant possessed in this case had the potential to cause serious bodily injury to or the death of innocent persons in the community. For these reasons, the government submits that the Court should order the defendant's

detention during the pendency of this case to protect the community.

### III. Conclusion

The government respectfully requests that the Court issue an Order granting its motion that the defendant be held without bond pending trial.

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY
N.Y. Bar No. 4444188

By:  /s/ Lisa N. Walters
Lisa N. Walters
D.C. Bar No. 974-492
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
United States Attorney's Office for D.C.
555 Fourth Street, N.W., Fourth Floor
Washington, D.C. 20530
E-mail: Lisa.Walters@usdoj.gov
Telephone: (202) 252-7499

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, Carlos Vanegas, this 22nd day of July, 2020.

/s/
Lisa N. Walters
Assistant United States Attorney